**Kareem HURLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 32202.**

Missouri Court of Appeals,
Southern District.

June 12, 2013.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster (Attorney General), Dora A. Fichter, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, J.

■ Kareem Hurley ("Movant") brings this claim of ineffective assistance of counsel for failing to call a potential witness, Lemmie Bookman. Movant claims that Bookman would have "contradicted the testimony" of the victim, which would have called into question the allegations against Movant. "Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k)."[1] *Cornelious v. State*, 351 S.W.3d 36, 41 (Mo.App. W.D. 2011). "Findings and conclusions are deemed clearly erroneous only if a full review of the record leaves the appellate court with the definite and firm impression that a mistake has been made." *Id.* (internal quotations omitted). We determine that the findings and conclusions of the motion court are not clearly erroneous and we affirm the judgment.

Movant was convicted of forcible rape, assault in the second degree, and armed criminal action. The judgment was affirmed by this Court. The salient facts as set forth in the direct appeal are that the victim and Movant had at one time been involved in a social and sexual relationship. Movant invited the victim to dinner at his home one evening. On that night, Movant violently attacked the victim. Bookman, who had fathered two children with the victim, was looking for the victim the next morning and drove by Movant's home. The victim left with Bookman. Movant's current claim stems from Bookman's statements taken by Movant by deposition after the trial.

The motion court found credible trial counsel testimony that it was trial strategy to convince the jury that the sex between the victim and Movant on the date of the rape and assault was consensual. The court found credible trial counsel's further testimony that Bookman's statements potentially would have corroborated the statements the victim made to police and that any inconsistencies were not important to

---

1. All rule references are to Missouri Court Rules (2013), unless otherwise specified.

the defense. Trial counsel testified he was concerned Bookman's extensive criminal history, including a conviction for a sex crime, would damage his credibility when put before the jury.

Movant counters that Bookman's testimony would have contradicted the testimony of the victim in that Bookman would have testified that Movant and the victim knew each other for a year prior to the attack (the victim testified it was a few months), that the victim said nothing of the attack on the morning when she was picked up by Bookman, and that when Bookman returned that evening the victim was "doing okay." Movant's reliance on selected portions of Bookman's testimony is misplaced.

■ A review of the entire deposition makes it clear that Bookman's testimony would not have assisted Movant and thus the motion court's finding is not clearly erroneous. It is clear that Bookman's deposition testimony, taken while Bookman was in prison and serving time for sexual assault, does not assist Movant. For instance, Movant claims that the victim did not even tell Bookman that she had been assaulted; however, Bookman was not asked the specific question whether the victim told him about the assault the next morning. He was questioned in the following manner:

[Movant's Counsel]: Do you know if there was a relationship between [Movant] and [the victim]?

[Bookman]: No, I don't.

[Movant's Counsel]: They were boyfriend and girlfriend at one time, right?

[Bookman]: I don't know.

. . . .

[Movant's Counsel]: And you told me previously that your recollection was they had known each other for a year. Does that sound right?

[Bookman]: About a year. I guess.

[Movant's Counsel]: We talked before at the Greene County Jail, right?

[Bookman]: Yes.

[Movant's Counsel]: Now I'm just going to provide a little context here. [Movant] was charged in a Green[e] County case with forc[i]ble rape, forc[i]ble sodomy, first-degree assault, and armed criminal action [against the victim]. . . . This was alleged to have occurred around December 29th, 2003. Now do you recall hearing of that occurrence?

[Bookman]: The assault? Yes.

. . . .

[Movant's Counsel]: What were the circumstances of you picking up [the victim] outside? Did she just hail you down?

[Bookman]: I seen her standing over there, and she waved me down. Yeah. She waved me down.

[Movant's Counsel]: And you picked her up. What happened then?

[Bookman]: She—

[Movant's Counsel]: Where did you take her after you picked her up?

[Bookman]: To her house.

[Movant's Counsel]: And what did you do after you took her to her house?

[Bookman]: I dropped her off and sat with her for a little while. Then I went to work.

[Movant's Counsel]: Now after you picked her up and were in the van with her, did you see any injuries?

[Bookman]: Yes.

[Movant's Counsel]: What kind of injuries did you see?

[Bookman]: Some on her hand and on her head.

[Movant's Counsel]: You previously told me when you talked to me that you saw some cuts on her hand, right?

[Bookman]: Yeah.

. . . .

[Movant's Counsel]: Now you previously had told me that [the victim], during that trip, had said nothing about any sexual abuse by [Movant]?

[Bookman]: None that I can recall. If she did, I wasn't paying no attention.

[Movant's Counsel]: You testified that you took [the victim] to her residence?

[Bookman]: Right.

[Movant's Counsel]: And then went to work?

[Bookman]: Yes.

[Movant's Counsel]: Was that the last you saw of her for a while?

[Bookman]: I went back over there that night, I think. To see how she was doing.

[Movant's Counsel]: How was she doing? Was she doing okay?

[Bookman]: Yeah. She was doing okay.

[Movant's Counsel]: You didn't drop her off at her cousin's place or anything like that?

[Bookman]: No. I don't remember.

[Movant's Counsel]: You previously told me you did not. Does that sound right?

[Bookman]: Yeah.

[Movant's Counsel]: And you also told me you did not take her to the hospital. Does that sound right? You have no recollection of taking her to the hospital?

[Bookman]: Right. I can't remember.

[Movant's Counsel]: Now if you told me you did not, would you disagree with that? You previously told me you did not.

[Bookman]: I'm not for sure if I did or I didn't. The majority of the time I'm without transportation.

[Movant's Counsel]: Did she mention anything about concern for her kids?

[Bookman]: Yes.

[Movant's Counsel]: What did she say?

[Bookman]: She don't want no harm to come to them.

[Movant's Counsel]: What?

[Bookman]: She didn't want any harm to come to the kids.

[Movant's Counsel]: Okay. But she generally would say that?

[Bookman]: What do you mean?

[Movant's Counsel]: That she didn't want any harm to come to her kids? That was her general thoughts? Would you agree with that?

[Bookman]: I wouldn't say it was her thoughts. I guess it was more like a threat. From what she told me.

[Movant's Counsel]: Do you remember previously telling me that she had made no mention of concern for her kids?

[Bookman]: No.

[Movant's Counsel]: You don't remember that?

[Bookman]: No.

[Movant's Counsel]: Do you recall telling me previously at the Greene County Jail that you—well, you mentioned that you did not take her to her cousin's house. But you also did not take her to the hospital?

[Bookman]: That's been a little while. I'm not sure.

[Movant's Counsel]: You don't have any recollection of taking her to the hospital?

[Bookman]: No, sir. I could have.

It is clear from the deposition that some injury had occurred because Bookman testified that he had seen injuries to the victim. Further, it is clear that Bookman returned that evening to "check on" the victim. Although the questions to Bookman did not flush out the reason for Bookman checking on victim, the inference is that he was following up with her because she had been injured the night before.

The deposition is replete with "I don't know" and "I don't remember." The arguments that Movant makes in support of his claim that Bookman's testimony would have assisted him are partial answers to incomplete questions. Movant's trial counsel had reason to omit Bookman as a witness as he probably would have supported the important claim that the victim had been assaulted by Movant the night before Bookman saw her because (1) he observed injuries on the victim, (2) he came back to check on the victim that night, and (3) some sort of threat was made against the victim's children. As the motion court noted, the issues of whether Bookman took the victim to her cousin's or the hospital were not important to the defense.

Movant's point is denied. The judgment is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concurs.